Keith MAYDAK, Petitioner–Appellant,

v.

WARDEN, FCI RAYBROOK,
Respondent–Appellee.

No. 00–2340.

United States Court of Appeals,
Second Circuit.

Jan. 10, 2001.

Keith Maydak, North Versailles, PA, pro se.

Elizabeth S. Riker, Assistant United States Attorney, Northern District of New York, Syracuse, NY, for appellee.

Present OAKES, CARDAMONE and PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is VACATED and REMANDED in part, AFFIRMED in part.

Keith Maydak appeals from the district court judgment denying his § 2241 petition, which alleged that his due process rights were violated at a disciplinary proceeding, resulting in the loss of thirty days good time credit.

Mr. Maydak asserts the following four due process violations on appeal: (1) DHO Ryan's decision failed to specify the reasons for the denial; (2) DHO Ryan denied Maydak the right to call witnesses; (3) DHO Ryan refused to consider Maydak's statement; and (4) DHO Ryan was biased, and the only reason he denied the motion was because he was told to do so.

The Warden at FCI Raybrook responds that Maydak's allegation of newly discovered evidence did not entitle him to a full

**56**

hearing, or to have the decision set forth specific reasons for the denial, and Maydak made no showing that DHO Ryan was biased, or that he denied the motion because he was told to do so. Maydak counters that he still should have been able to call witnesses and present his case, and because new evidence could not absolve him of the charges, he should not be responsible for the "surreptitious placement of contraband."

This Court reviews a district court's denial of a § 2241 habeas petition *de novo*. *See Maldonado v. Scully*, 86 F.3d 32, 35 (2d Cir.1996).

■ "Prison disciplinary proceedings are not part of a criminal prosecution, [and thus] the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). While prison officials are given substantial deference in the execution of policies, *see Jolly v. Coughlin*, 76 F.3d 468, 476 (2d Cir.1996), a disciplinary hearing, in order to comport with due process, must provide the inmate: (1) 24 hour advance notice of the charges; (2) the opportunity to appear at the hearing, call witnesses and present rebuttal evidence; and (3) a written statement as to the evidence relied on and reasons for their decision. *See Wolff*, at 563–72. These requirements are also set out in 28 C.F.R. § 541.17, which governs the procedures at federal prison disciplinary hearings.

It seems problematic that DHO Ryan denied a rehearing on the basis that "there was no new evidence presented that demonstrates the [Maydak] was not responsible for violating Code 109," in light of the fact that the Regional Director believed that the two inmates' affidavits and Librick's alleged confession to the crime were "potentially exculpatory evidence."

■ Although the *Wolff* court did not hold that a written statement was required

specifically in the context of administrative appeals, the rationale for the rule would seem to apply in Maydak's case. Maydak provided enough new evidence to justify further investigation, however, without explanation, DHO Ryan denied him rehearing, stating that there was no new evidence. At the very least, Maydak should have been given specific reasons for the denial of a rehearing, so that he could properly appeal that decision, and to ensure that prison officials acted fairly. Furthermore, since DHO Ryan did not explain his reasons for denying Maydak a rehearing, it is impossible for this Court to discern whether the DHO's denial of Maydak's request for witnesses, and to make a statement, constituted a deprivation of his due process rights.

With respect to the claim that DHO Ryan was not an impartial officer, Maydak provides no basis for this contention; therefore this claim is without merit.

For the foregoing reasons, the district court judgment is vacated and remanded in part, and the district court is ordered to direct the respondent to vacate the disciplinary penalty unless, within a time set by the district court, DHO Ryan at FCI RaybBrook provides a statement of reasons for denying Maydak a rehearing based on no new evidence. If the statement is provided, Maydak is instructed that he may challenge the decision administratively, as if it was the original decision, and file a new § 2241 petition in the district court if he is not satisfied with the administrative result. The district court judgment is affirmed on all other grounds.

For the reasons set forth above, the judgment of the district court is VACATED and REMANDED in part, and AFFIRMED in part.